### APPEAL OF J. H. PAGET.

Docket No. 4279.     Promulgated February 26, 1927.

Loss from demolition of building allowed in year in which demolished, and not in year in which a business theretofore carried on in the building was abandoned, use of the building for other purposes having been continued.

*C. M. Grider, C. P. A.*, for the petitioner.
*F. O. Graves, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $362.27, arising from the disallowance by the Commissioner of $7,076 as a loss sustained in 1923.

#### FINDINGS OF FACT.

The petitioner is a citizen of the United States and during the year 1923 resided in El Paso, Tex. In 1917 he expended $7,876 for improvements upon certain property at San Elizario, Tex., which he used as a sanatorium. This property was used as a sanatorium by him until 1919 when, on account of the unsettled conditions in Mexico and the difficulty in securing patients by reason thereof, the business was abandoned until conditions should become more settled. After he abandoned the business, petitioner allowed tenants to occupy the building without rent. It was continuously so occupied until 1923, when it was demolished and salvaged in the amount of $800.

The building had 22 rooms, was built of adobe, with walls from 18 to 24 inches thick, and had an adobe foundation. Around the foundation and extending up on the sides of the building for about 18 inches, was a coping of concrete on metal lath, about 2 inches thick, placed there to protect the foundation from high water. On account of this coping, the foundation and lower walls of the building could not be observed.

In 1919 there was a rise in the water table of that vicinity. Due to the fact that the building was plastered inside and out and that there was a coping of cement around the foundation, the damage to

the foundation from the water, if any, was not apparent at that time. The high level of the water table continued, and in 1923 there was apparent a discoloration for about 6 inches above the cement coping, showing that the foundation had been saturated with water. The walls were cracked in several places and the building was torn down and salvaged. When the building was razed, it was found that the foundation had disintegrated but it could not be ascertained when this disintegration took place.

The petitioner claimed a deduction in 1923 of the difference between the amount invested by him and the amount salvaged, namely $7,076, as a loss sustained in that year. This was disallowed by the Commissioner in determining the deficiency.

OPINION.

PHILLIPS: The Commissioner disallowed the loss here claimed upon the ground that it was sustained in 1919 when the sanatorium project was abandoned by the taxpayer and when he asserts the damage to the foundation took place by reason of the rise in the water table. The disallowance on such ground does not appear to be justified by the evidence. The abandonment of the sanatorium project was temporary, caused by disturbances in Mexico which made it difficult to secure patients. It can not be determined when the damage to the foundation of the building took place. While the foundation was of adobe, it had a concrete facing. How long it resisted the seepage of the water is uncertain. The building was in use until 1923 and it was not until it was demolished in that year that any disposition of the property took place giving rise to a loss for the purposes of the income tax.

Decision will be entered on 15 days' notice, under Rule 50.